IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CR3141 |
| | ) | |
| v. | ) | |
| | ) | |
| RALPH MORENO, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |

Ralph Moreno (Moreno) has filed a well-written § 2255 motion through his able counsel attacking his sentence for distribution of child pornography. After initial review[1], I now deny the motion with prejudice. Albeit briefly, my reasoning is set forth below.

From a Guideline custodial range of 210 to 240 months, I varied downward and sentenced Moreno to 72 months in prison[2]. Filing no. 46. Moreno now claims that Amendment 801[3] to the Guidelines, regarding, among other things, the tightening of

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] Moreno had no criminal history.

[3] Supplement to Appendix C (November 1, 2016) at pp. 144-145.

the 5-level enhancement for sharing child pornography for something of value, should change things. He asserts that I should impose a 60-month sentence, that being the statutory minimum.

Setting to one side (1) the fact that this motion may well be untimely and (2) harboring serious reservations that the Amendment, which became effective on November 1, 2016, is retroactive, *I would have imposed the same sentence even if I applied the Amendment in the way Moreno urges*.

In addition to initially blaming his teenage son, filing no. [41 at CM/ECF p. 5](#) & ¶ 20, Moreno used a P2P file sharing program over an extended period of time on an expensive computer that, according to the undisputed opinion of law enforcement agents, a "regular computer user would not have." *Id.* at CM/ECF p. 6 & ¶ 22. In this regard, Moreno also used a file sharing protocol known as the ARES Network that permitted sharing from one specific computer to another specific computer without a central directory. *Id.* at CM/ECF p. 5 ¶ 19. Still further, 36 of the videos contained known victims according to the National Center for Missing and Exploited Children. *Id.* at p. 6 & ¶ 23.

That Moreno was trading (via a direct P2P program and high-end computer) these images (including an image of a girl under the age of 6 performing oral sex on an adult male), with the intent to get other such images from a specific person in return, is certainly not out of the question. But, whether Moreno's conduct warranted a 2 or 5 level bump is academic.

No matter how one might look at it, Moreno is not entitled to the minimum sentence of 60 months. I never would have imposed such a sentence. He is not among the least culpable of offenders who distribute child pornography. Therefore, Moreno's motion will be denied.

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the defendant is not entitled to a certificate of appealability.

IT IS ORDERED that the § 2255 motion (filing no. 52) is denied with prejudice. No certificate of appealability is or will be issued. A separate judgment will be entered.

DATED this 9th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge